AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern** | 18 - 00277 |
|---|---|---|
| Name (under which you were convicted):<br>**Anthony Caminita** | | Docket or Case No.:<br>SECT. E   MAG. 5 |
| Place of Confinement:<br>**Raymond Laborde Correctional Center** | Prisoner No.:<br>**95265** | |
| Petitioner (include the name under which you were convicted)<br>**Anthony Caminita** | Respondent (authorized person having custody of petitioner)<br>v.   **S.W. "Sandy" McCain** | |
| The Attorney General of the State of: **Jeff Landry** | | |

### PETITION

1.      (a) Name and location of court that entered the judgment of conviction you are challenging: **22ⁿᵈ Judicial District Court, parish of St. Tammany, Covington, LA**

(b) Criminal docket or case number (if you know): **531691**

2.      (a) Date of the judgment of conviction (if you know):

(b) Date of sentencing:

3.      Length of sentence: **10 Years**

4.      In this case, were you conviction on more than one count or more than one crime?   [ ] Yes   **[ x ] No**

5.      Identify all crimes of which you were conviction and sentenced in this case: **La. R.S. 14:67(10) Theft by Shoplifting**

6.      (a) What was your plea? (Check one)

      **[ x ]   (1)   Not Guilty**      [ ]   (3)   Nolo Contendere (no contest)

      [ ]   (2)   Guilty      [ ]   (4)   Insanity Plea

TENDERED FOR FILING

JAN 10 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

P Fee _Pauper_
Process_____
X Dktd_____
____ CtRmDep_____
____ Doc. No._____

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **n/a**

(c) If you went to trial, what kind of trial did you have? (Check one)

      **| x | Jury**       [ ] Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      [ ] Yes      **| x | No**

8.      Did you appeal from the judgment of conviction?

      **| x | Yes**      [ ] No

9.      If you did appeal, answer the following:

(a) Name of court: **1ˢᵗ Circuit**

(b) Docket or case number (if you know): **2016-KA-0121**

(c) Result: **Conviction and Sentence Affirmed**

(d) Date of result (if you know): **9-16-16**

(e) Citation to case (if you know): **203 So. 3d 1100 (1st Cir. 2016)**

(f) Grounds raised: **(1) Insufficient Evidence; (2) Motion for Mistrial; and (3) Counsel was ineffective, he was appointed on day morning of trial and unprepared**

(g) Did you seek further review by a higher state court?    [ ] Yes      **| x | No**

      If yes, answer the following:

      (1) Name of court: **Louisiana Supreme Court**

      (2) Docket or case number (if you know): **2016-KO*2045**

      (3) Result **Denied**

      (4) Date of result (if you know): **9/6/2017**

        (5) Citation to the case (if you know):

        (6) Grounds raised: <u>**Counsel was appointed on morning of my trial, and was ineffective and unprepared**</u>

    (h) Did you file a petition for certiorari in the United States Supreme Court?    [  ] Yes  **[ x ] No**

        If yes, answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    [  ] Yes        **[ x ] No**

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)      (1) Name of court:

          (2) Docket or case number (if you know):

          (3) Date of filing (if you know):

          (4) Nature of the proceeding:

          (5) Grounds raised:

          (6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

            [  ] Yes      [  ] No

          (7) Result:

          (8) Date of result (if you know):

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

         [ ] Yes      [ ] No

      (7) Result:

      (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

　　　[ ] Yes　　　[ ] No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

　　　(1) First petition:　　　[ ] Yes　　　[ ] No

　　　(2) Second petition:　　　[ ] Yes　　　[ ] No

　　　(3) Third petition:　　　[ ] Yes　　　[ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.　　For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE: <u>Conviction obtained in violation of the Constitution</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>**See memorandum in support attached**</u>

(b) If you did not exhaust your state remedies on Ground One, explain why: <u>**Yes**</u>

AO 241
(Rev. 01/15)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        [ x ] Yes      [ ] No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes        [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        [ ] Yes      [ ] No

(4) Did you appeal from the denial of your motion or petition?        [ ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        [ ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         [ ] Yes        [ ] No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    [ ] Yes        [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    [ ] Yes       [ ] No

(4) Did you appeal from the denial of your motion or petition?               [ ] Yes       [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    [ ] Yes       [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      [ ] Yes      [ ] No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes      [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          [ ] Yes      [ ] No

(4) Did you appeal from the denial of your motion or petition?                     [ ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   [ ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ___

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          [ ] Yes          [ ] No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ ] Yes          [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision: Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    [ ] Yes        [ ] No

(4) Did you appeal from the denial of your motion or petition?               [ ] Yes        [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     [ ] Yes        [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   **[ x ] Yes**   [ ] No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

    (b)   Is there any ground in this petition that has not been presented in some state federal court? If so, which ground or grounds have not been presented, and state your reasons for presenting them: **N/A**

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   [ ] Yes   **[ x ] No**

    If "Yes," state the name and location of the court, the docket or case number, the type of proceedings, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? [ ] Yes   **[ x ] No**

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 01/15)



16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Public Defender David Anderson, 22nd Judicial District Court, St. Tammany Parish**

(b) At arraignment and plea: **Same as above**

(c) At trial: **John Linder, Public defender, 22nd Judicial District Court, St. Tammany Parish**

(d) At sentencing: **Same as above**

(e) On appeal: **Louisiana Appellate Project Mr. Lieu T. Vo Clark**

(f) In any post-conviction proceeding: **Self**

(g) On appeal from any ruling against you in a post-conviction proceeding: **N/A**

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

[ ] Yes        [ x ] No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   [ ] Yes        [ x ] No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 USC § 2244(d) does not bar your petition.*

**N/A**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 USC § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the court grant the following relief:


or any other relief to which Petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, day, year).


Executed (signed) on *January 7, 2018* (date).


*Anthony Caminita*
Signature of Petitioner

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not signing this petition.

_____

_____

_____

_____

_____

## MEMORDADUM IN SUPPORT OF HABEAS CORPUS RELIEF
### TITLE 28 U.S.C. §2254

### HISTORY OF THE CASE

This case involves a matter where the petitioner, Anthony caminita, was arrested in the parish of St. Tammany for violation of Theft R.S. 14:67 .10 (B) theft of goods by shoplifting . The court appointed defendant a public defender counsel ,to represent him David Anderson , after the filing of motions and discovery a trial date was set. On the Morning of the trial Counsel David Anderson, was not present, and the court appointed Mr. John Linder, to represent the defendant that Morning. 1./ After The jury deliberated they found defendant guilty of Theft over $ 500.00 Dollars. The state filed a Multiple offender bill on the defendant Fourth offense, and the Defendant plead guilty to an amended bill Second offense. The court imposed a sentence of 10 years at hard Labor in the custody of the Louisiana Department of Corrections. Defendant filed a direct appeal claiming several errors as pro se, One of his claims was his counsel was ineffective assistance Of counsel, because counsel John Linder, was appointed to represent him on the Morning of his Trial. On Appeal, 1St. Circuit court of appeal failed to address the merits of the claim 2./ But denounce that claim by ruling that counsel was not ineffective for using trial tactics that did not work. The appeal court affirmed both defendants conviction and sentence. On a Writ for review to the Louisiana State Supreme court , that court denied relief without opinion 3./ It is now from the state courts decision in which petitioner Anthony Caminita, now seeks Habeas Corpus relief, where the state courts decision was contrary to, and involved an unreasonable application of clearly established Federal Law, as determinate by United States Supreme court and was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Petitioner is now in state Custody in violation of his Constitutional rights to a fair trial, when he was denied effective assistance of Counsel as guaranteed by the 6[th] and 14[th] amendment of the United States Constitution. And is now entitled to relief.

1./ State-v-Knight 611 So 2d. 1381 (La. 1993)
2./ State-v-Caminita Case No. 2016-KA-0121
3./ State-v-Caminita, 2016-KO-2045 La. Sup. Ct. (9/6/17)

TENDERED FOR FILING

JAN 1 0 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

17

## ISSUES PRESENTED FOR REVIEW

1)   Whether or not defendant was denied effective assistance of counsel when the court appointed counsel on the morning of the trial to represent defendant. U.S. C. Amendment 6th.

## ASSIGNMENT OF ERROR-1

1)   The state court judge committed reversible error when he appointed public defender counsel John Linder, on the morning of defendants trial, which denied defendant his right to counsel as guaranteed by the U.S. Const.

## LAW AND ARGUMENT

Defendant now contends and the records will demonstrate that his rights to a fair trial with effective counsel was violated under the 5th 6th. And 14th Amendment for the United States Constitution. And applicable to the states by reason of  Art. 1 § 13. Right to counsel Arizona-v-Fulminate U.S. 111 S.Ct. 1246 ( 113 L. Ed. 2d. 302 (1991) Holloway-v-Arkansas  435 U.S. 475 98 S. Ct. 1173 . Gideon-v-Wainwright 372 U.S. 335 83 S.Ct. 792 ( L. Ed. 2d. 799 (1963). Although formal appointment of counsel does not satisfy the Constitution guarantee, A short period of time is sometimes sufficient for trial preparation. Avcry –v-Alabama 308 U.S. 444  60 s.Ct. 321 (1940)  In the instance case at hand the trial court appointed Public Defender David Anderson, to represent Defendant Anthony Caminita, Months before his set jury trial. However, on the Morning of the trial Mr. Anderson  did not show up to represent the

18

defendant. Instead of continuing the trial ,the court appointed John Linder , another public defender. Who was unprepared to try the case. Here the defendants constitutional rights was violated under the right to counsel, where prejudice to a defendant may be presumed when counsel fails to subject the state case to a manful adversary test.  Davis-v-Alaska , 415 U.S. 308 94 S. Ct. 1105 (1974) . The courts in Louisiana has ruled 3 days including Saturday and Sundays have been held  inadequate for Louisiana Trial preparation. State-v-Winston  327 So 2d. 380 (La. 1976)  Defendant further contends that a general Appointment of the Public defender office does not justify designating an unprepared Attorney from that office on the Morning of trial .Like in the instant case of the defendants. See State-v-Simpson, 403 So 2d. 1214 (La.1981) Because the facts and surrounding circumstances in the instant case of defendants  are identical as to what occurred in the above  cited authority cases in this brief ,than defendant is now entitled to the same relief. Defendant further contends that if he would have had his original counsel Mr. David Anderson, who knew about his case the out-come of the proceeding would have been a more favorable results.  Accordingly, Petitioner Anthony Caminita's conviction was obtained in violation of his Constitutional rights Where the state courts decision was contrary to  an unreasonable application of clearly establish federal law as determined by the United states Supreme court.                    CONCLUSION

     Wherefore considering,

               The facts, law and record herein, It should now be concluded in no other way that the defendant Anthony Caminita, conviction was obtained in violation of his Constitutional rights which now entitles him to Habeas Corpus Relief. 28 U.S.C.S § 2254 . This case should now be remand to the

state court judge and the District Attorney with instructions not inconsistent with the views herein.

**RESPECTFULLY SUBMITTED**

Anthony Caminita # 95265
C-1 B-2 , R.L.C.C.
1630 Prison Rd.
Cottonport, Louisiana 71327

**CERTIFICATE OF SERVICE**

I hereby certify that this writ for Habeas Corpus has been served upon the clerk of this U.S. Federal District court for the Eastern District of Louisiana by way of U.S. mail on the ___7___ day of ___January___ 2018.

Signed on this ___7___ day of ___January___ 2018.

Anthony Caminita

20



Anthony Caminita #  95265
C-1  B-2  R.L.C.C.
1630  Prison Rd.
Cottonport, La. 71327

" LeGaL_ MaïL "

Eastern District clerk of court
U.S. District Court
 500 Poydras St.
 New Orlenas, La. 70130