UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY CAMINITA | CIVIL ACTION |
| VERSUS | NO. 18-277 |
| W.S. "SANDY" MCCAIN, WARDEN | SECTION: "E"(5) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Anthony Caminita, is a convicted inmate currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. In March 2013, he was charged with theft of goods valued at $500.00 or more but less than $1,500.00.[1] On June

---

[1] State Rec., Vol. 1 of 4, Bill of Information.

18, 2013, a jury found him guilty as charged.[2] The State subsequently filed a multiple bill of information.[3] On April 4, 2014, he stipulated to the allegations contained in the multiple bill, as amended, that charged him as a second-felony offender. The trial court sentenced him as a second-felony offender to a term of 10 years without benefit of probation or suspension of sentence.[4]

His first attempt at post-conviction relief, by application dated April 28, 2015, led to the grant of an out-of-time appeal.[5] On direct appeal, he asserted one counseled and four pro se assignments of error: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in denying his motion for a mistrial; (3) he was denied the effective assistance of counsel due to inadequate preparation, failure to object to the introduction of evidence and failure to object to the trial court's ruling on the jury's request to view evidence; and (4) he was denied a fair trial because the trial court refused to allow the jury to view evidence during deliberations. On September 16, 2016, the Louisiana First Circuit Court of

---

[2] State Rec., Vol. 1 of 4, Minute Entry, 6/18/13.

[3] State Rec., Vol. 1 of 4, Multiple Offender Bill of Information.

[4] State Rec., Vol. 1 of 4, Minute Entry, 4/4/14.

[5] State Rec., Vol. 1 of 4, R.p. 105, Application for Post-Conviction Relief. *See also* R.p. 117, Judgment on Post-Conviction with Incorporated Reasons, R.p. 137, *In Re: Caminita*, 2015-KW-0948 (La. App. 1 Cir. Aug. 21, 2015); R.p. 148, District Court Order, 11/6/15. For ease of reference, the Court will refer to the superimposed page-numbering system when citing to the state court record (R.p.). When applicable, however, the Court will still cite to the original page number itself associated with the particular transcript at issue.

Appeal affirmed his conviction and sentence.[6]    Notably, in rendering the opinion, the court of appeal held that his first two claims of ineffective assistance of counsel, *i.e.*, alleging inadequate preparation and failure to object to the introduction of evidence were better suited for post-conviction relief and not subject to appellate review.   On September 6, 2017, the Louisiana Supreme Court denied his application for writ of certiorari.[7]    By letter dated November 16, 2017 and postmarked November 17, 2017, he forwarded a motion for rehearing to the Louisiana Supreme Court.[8]   The state court record contains no response or ruling on that motion.

He also challenged his sentence by two separate motions filed on or about February 13, 2015 and June 23, 2017.[9]   The state district court denied both motions.[10]   He challenged the rulings denying relief by supervisory writ applications filed with the Louisiana First Circuit Court of Appeal.[11]   On each occasion, the appellate court denied

---

[6] *State v. Caminita*, 2016-KA-0121 (La. App. 1 Cir. 9/16/16), 203 So.3d 1100; State Rec., Vol. 4 of 4.

[7] *State v. Caminita*, 2016-KO-2045 (La. 9/6/17), 224 So.3d 988; State Rec., Vol. 4 of 4.

[8] State Rec., Vol. 4 of 4, R.p. 644.

[9] State Rec., Vol. 4 of 4, R.p. 527 (Motion to Correct an Illegal Sentence Quash Multiple Offender Bill) and R.p. 568 (Motion to Modify Sentence).

[10] State Rec., Vol. 4 of 4, R.pp. 531, 569.

[11] State Rec., Vol. 4 of 4, R.pp. 507, 563.

3

relief.[12] He did not seek relief with the Louisiana Supreme Court. In fact, the only writ applications he filed in the Louisiana Supreme Court were related to his direct appeal and a request for production of documents.[13]

On or about January 7, 2018, Caminita filed his federal application for habeas corpus relief asserting only one ground for relief. He raised a claim of ineffective assistance of counsel based on the purported appointment of new counsel the morning of trial in place of his original public defender.[14]

The State's response concedes that the federal application is timely. The State asserts that the sole claim raised by Caminita has not been exhausted in the state courts and is also without merit.[15] In reply, Caminita argues that if the Court finds the claim unexhausted, then the Court should stay the matter and direct the state courts to hold an evidentiary hearing on his claim.[16]

---

[12] State Rec., Vol. 4 of 4, 505, *State v. Caminita*, 2015-KW-0639 (La. App. 1 Cir. July 1, 2015); R.p. 562, *State v. Caminita*, 2017-KW-1048 (La. App. 1 Cir. Oct. 16, 2017), 2017 WL 4675780.

[13] *State v. Caminita*, 2016-KO-2045 (La. 9/6/17), 224 So.3d 988 (State Rec., Vol. 4 of 4, R.p. 483); *State ex rel. Caminita v. State*, 2014-KH-2494 (La. 10/2/15), 178 So.3d 579 (State Rec., Vol. 4 of 4, R.p. 577).

[14] Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[15] Rec. Doc. 9.

[16] Rec. Doc. 10.

**Facts**

On direct appeal, the Louisiana First Circuit summarized the facts adduced at trial as follows:

> On December 9, 2012, Greg Naquin was working at Lowe's in Covington, Louisiana, when a merchandise alarm sounded at the store's entrance door. He turned around to see an individual, identified at trial as defendant, exiting the store through the entrance door with a shopping cart containing a Dewalt power tool set. Mr. Naquin followed defendant into the parking lot and asked him several times if he had a receipt. Defendant continued to walk away from Mr. Naquin before he eventually abandoned the shopping cart, causing it to strike a parked vehicle. Defendant then began to run, but he was ultimately detained by an off-duty Drug Enforcement Administration (DEA) agent who witnessed the sequence of events as he was entering the store. While defendant was detained, Mr. Naquin retrieved the merchandise (the aforementioned tool set, as well as a shelf board) from the shopping cart and gave it to his manager. The manager scanned the merchandise and provided the police with a report that listed a pre-tax value of the stolen items as $594.94.[17]

**Preliminary Review: Exhaustion of State Court Remedies**

Caminita raised the instant claim of ineffective assistance of counsel on direct appeal in the Louisiana First Circuit. However, the court of appeal found that the claim was not subject to appellate review. The appellate court explained that decisions relating to investigation, preparation and strategy may best be resolved upon an evidentiary hearing, which might be available if he met the requirements under Louisiana Code of Criminal Procedure article 924, *et seq.*, *i.e.*, post-conviction relief proceedings.[18] The Louisiana

---

[17] *State v. Caminita*, 203 So.3d at 1103.

[18] *State v. Caminita*, 203 So.3d at 1107 n. 5.

Supreme Court denied his application for writ of certiorari without additional reasons.

Although Caminita filed two post-conviction motions in the state courts challenging his sentence as illegal, he did not raise any claims of ineffective assistance of counsel with respect to his conviction by filing an application for post-conviction relief. And even for the collateral challenges to his sentence, he did not pursue relief through each and every level of state court review, including the Louisiana Supreme Court. He chose not to pursue post-conviction relief in the state courts following the conclusion of direct appellate review.

As the United States Fifth Circuit has explained:

> Fair presentation does not entertain presenting claims "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation marks omitted). The purposes of the exhaustion requirement "would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

*Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009). Under the circumstances, it appears the State's contention that his ineffective-assistance-of-counsel claim has never been fairly presented to the state courts and remains unexhausted, is correct. *See* 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State...."); *Spellman v. Cain*, Civ. Action No. 15-824, 2016 WL 2637658, at *3-4 (E.D. La. Feb. 19, 2016), *report and*

*recommendation adopted*, 2016 WL 2594837 (E.D. La. May 5, 2016); *Carty*, 583 F.3d at 253-54 ("When undertaking review, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts.").

Nevertheless, a federal court has the authority to deny a habeas claim as meritless even if the claim is unexhausted and regardless of whether exhaustion is waived by the State. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Roussell v. Caldwell*, Civ. Action No. 17-846, 2017 WL 2790701, at *28 (E.D. La. June 7, 2017), *report and recommendation adopted*, 2017 WL 2778207 (E.D. La. June 26, 2017). The State in this case has argued alternatively that the claim is without merit.[19] The Court will therefore exercise its discretion and proceed to address the merits of Caminita's ineffective-assistance-of-counsel claim.

## Standards of Review on the Merits

Title 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure questions of fact, pure questions of law, and mixed questions of both. A state court's purely factual determinations are presumed to be correct and a federal court will give deference to

---

[19] In light of the merits review, the Court need not consider Caminita's suggestion to stay the proceedings.

the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010). An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court

"identifies the correct governing legal rule… but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court precedent simply does not warrant habeas relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents." *Id*. at 102 (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003). For unexhausted claims that were not considered on the merits in the state courts, the pre-AEDPA standard of review applies. *Id*. at 598 (citing *Jones v. Jones*, 163 F.3d

285, 299-300 (5th Cir. 1998) (applying *de novo* standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *see also Carty v. Thaler*, 583 F.3d at 253.

### Claim for Relief: Ineffective Assistance of Counsel

The United States Supreme Court has established a two-part test for evaluating claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner seeking relief must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id*. at 687. The deficiency prong of the *Strickland* test requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To establish deficient performance, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. Federal habeas courts presume that litigation strategy is objectively reasonable unless clearly proven otherwise by the petitioner, and must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. *Id*. at 689.

The prejudice prong requires "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a

10

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In this context, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. *Id*. at 697.

Caminita maintains that the state-court record is adequate to show that counsel was appointed to represent him on the morning of trial. He alleges that his public defender did not show up on the morning of trial, and instead of continuing trial, the court appointed an unprepared public defender, John Lindner, to try the case. He contends he was effectively denied counsel under the circumstances, and, thus, prejudice must be presumed.

Caminita has not established either deficient performance or prejudice based solely on his faulty supposition that the public defender who assumed responsibility for trying his case could not possibly have been prepared. The record contradicts Caminita's misguided notion that new counsel was appointed on the morning of trial to represent him when his original counsel did not appear for trial. That is not what occurred in this case. The record shows that the Director of the Public Defender's Office, John Lindner, had stepped in that week to cover for his appointed public defender, David Anderson, who needed to attend to some family business.[20] Apparently, Caminita had no knowledge of the substitution, but

---

[20] *See* R.p. 37, Certificate of Eligibility for Public Defender Service signed by John

the record reflects that Lindner appeared in court on behalf of Caminita for the State's discovery motion on June 11, 2013. He then served as defense counsel for trial held June 17 and 18. On the first morning, Lindner informed the trial court that the defense was ready for trial. Thus, contrary to how Caminita presents the facts, this was not a last-minute appointment of a new and unprepared public defender in the place of an attorney who failed to appear in court on the morning of trial.

Furthermore, Caminita offers no factual basis or objective grounds to support his conclusory and unsupported assertion that counsel was not adequately prepared for trial. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). With regard to the conclusory ineffective assistance claims asserted by the petitioners in *Miller*, the United States Fifth Circuit explained that "[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]." *Id.* at 282 (quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)). Moreover, a review of the trial transcript refutes Caminita's allegation that defense counsel was unprepared. The record shows that Lindner informed the trial court he was ready to proceed with trial. Additionally, the transcript shows that

---

Lindner, II, District Public Defender for the 22nd JDC Public Defender Office. *See also* State Rec., Vol. 1 of 4, Minute Entry, 6/11/13; Vol. 2 of 4, Trial Transcript (June 17, 2013), pp. 153-54; Trial Transcript (June 18, 2013), p. 247.

Lindner conducted effective and thorough cross-examination of witnesses and made relevant objections throughout the trial proceedings based on the evidence and testimony, with which he was familiar, including a motion for mistrial.[21] Under the circumstances, Caminita has not established deficient performance on the part of defense counsel.[22]

Despite the fact that he has not shown deficient performance, the Court will briefly also address the prejudice prong. To warrant a presumption of prejudice from his counsel's performance under *Cronic*, Caminita must show a complete denial of counsel at a critical stage of the proceedings, a complete failure by counsel to subject the prosecution's case to meaningful adversarial testing, or circumstances in which competent counsel is unlikely to be able to perform effectively. *United States v. Cronic*, 466 U.S. 648, 659–60 (1984). Here, the facts show that a highly experienced attorney, who served as the director of the public defender's office, knowingly stepped in for his public defender well in advance of trial and had ample time and opportunity to familiarize himself with the relatively simple theft case and prepare for the two-day trial. Counsel expressed no desire for a continuance and represented to the trial court that the defense was prepared for trial. On the record

---

[21] *See*, *e.g.*, State Rec., Vol. 2 of 4, Trial Transcript, p. 287.

[22] The state law jurisprudence cited by Caminita, *State v. Knight*, 611 So.2d 1381 (1993), is not controlling, nor is the factual scenario here similar to the circumstances in the *Knight* case where a different public defender, who had agreed to "cover" the docket for out-of-town defense counsel, appeared in court on the morning of trial and was in effect appointed as defendant's new counsel and forced to proceed with trial despite his ignorance of the case when his motion for a continuance was denied. Under those circumstances, the Louisiana Supreme Court found that he was constructively denied counsel.

13

presented, Caminita has identified no circumstances that warrant a presumption of prejudice under *Cronic*.

With regard to the prejudice prong under *Strickland*, Caminita maintains that had he been represented by a trial attorney who knew about his case, the results would have been more favorable. However, as previously discussed, he points to no objective deficiency or omission on the part of Lindner. Instead, he relies on his purely subjective, personal belief that Lindner was unprepared. Caminita fails to allege any factual basis or grounds warranting a different defense strategy. Nor does he cite to any definitive instances in the record where counsel reasonably might have pursued objections or other avenues of inquiry to undermine the State's evidence. It is well-settled that he must present more than conclusory assertions to establish ineffective assistance of counsel. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Because Caminita has not identified any deficit in counsel's representation that impacted the outcome of trial, he cannot demonstrate a reasonable probability that the result of the proceeding would have been different if Anderson had represented him at trial or had Lindner been better prepared. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Here, in addition to Caminita offering only conclusory allegations in support of his ineffective-assistance

claim, the evidence adduced at trial against Caminita was overwhelming.[23] In fact, the only argument he raised in support of his sufficiency-of-the-evidence claim on direct appeal was that the state failed to prove the value of the goods that he stole.[24] He plainly offers nothing to show that absent the alleged omission, the result of the proceeding would have been any different. Caminita has not shown prejudice under *Strickland*.

Accordingly, for the reasons expressed, Caminita has not demonstrated that counsel's performance was deficient or that he was prejudiced. He is not entitled to federal habeas relief on this claim.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Camanita's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

---

[23] Rec. Doc. 9, p. 14.

[24] *State v. Caminita*, 203 So.3d at 1103.

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this   19th   day of           July          , 2018.

                                            MICHAEL B. NORTH
                                   UNITED STATES MAGISTRATE JUDGE

---

[25] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

16